## J. McLAUGHLIN ET AL. v. JOHN D. COLLINS.

### APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF BUTLER COUNTY.

Argued October 21, 1890—Decided November 3, 1890.

Where a conveyance of land is made, in consideration of covenants of the grantee to support and maintain the grantor during life and his wife after his death, and neither the grantor in his lifetime nor his widow after his death made complaint that the grantee had not performed his covenants, the widow on the contrary being satisfied with her treatment, the collateral heirs of the grantor may not maintain ejectment as for condition broken.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 87 October Term, 1890, Sup. Ct.; court below, No. 37 March Term 1889, C. P.

On January 15, 1889, James McLaughlin and twenty-five others brought ejectment against John D. Collins and Julia McLaughlin, to recover 75 acres of land in Fairview township. Issue.

At the trial on April 10, 1890, the plaintiffs showed title in Bernard McLaughlin, who died on July 27, 1887, on the land in dispute, leaving a widow, Julia McLaughlin (one of the defendants), and no lineal descendants, but leaving the plaintiffs as his collateral heirs. Having put the writ in evidence and shown that after the death of Bernard McLaughlin his widow Julia remained upon the farm, and that about sixteen months thereafter John D. Collins came into possession, and having stated that the claim of Julia McLaughlin, to the extent of her interest under the intestate laws, was disclaimed by the plaintiffs, the plaintiffs rested.

The defendants put in evidence a deed dated February 9, 1861, whereby Bernard McLaughlin and his wife Julia conveyed the land in dispute to John D. Collins, in consideration of one dollar "and the covenants and conditions to be performed and kept by the said John D. Collins, as by an article

of agreement bearing even date herewith." This evidence was followed by the article of agreement referred to, dated February 9, 1861, reciting that said Bernard McLaughlin and Julia, his wife, had that day conveyed the land to John D. Collins, "as in this article of agreement set forth, which is hereby declared to be part and parcel of said deed and a condition and consideration thereof: the said John D. Collins agrees that the possession of the said seventy-five acres of land. . . . . shall be and remain in the said Bernard McLaughlin for and during the term of his natural life, without any let, molestation, or hindrance on the part of him, the said John D. Collins." Then followed the covenants on the part of Collins quoted in the opinion of the Supreme Court.

Testimony was afterwards introduced, on the part of the plaintiffs, to the effect that from the time of the contract and deed, or shortly after, Collins went upon the farm and remained in the performance of his contract until the spring of 1882, when he went away, leaving his son with Mr. and Mrs. McLaughlin; that in the fall of 1888, with the approval of Mrs. McLaughlin, her husband then being dead, but without the consent of the plaintiffs, Collins returned to the farm and continued in possession until the suit was brought. It was not made to appear, however, that any complaint had been made either by Bernard McLaughlin or Julia, his wife, of the manner in which Collins had performed his covenants. See the plaintiff's fourth point, infra.

At the close of the testimony, the court, McMichael, J., charged the jury, concluding as follows:

You take all the case, gentlemen, and look carefully at all the evidence which the plaintiffs here offered tending to show that this bargain was at an end between the parties, or was not kept by Mr. Collins; and if you are not satisfied clearly, by the weight of the evidence in this case, that the bargain was kept as the parties mutually desired it to be kept, whether literally or changed, still as the parties desired it to be kept, unless it was so kept, Mr. Collins has not made out his defence in this case. If it was so kept to the satisfaction of the old gentleman McLaughlin; if it be true, as the daughter testified, that a short time before his death and on the same day he made

Charge of Court below.

the remarks which she says he did make; if at that time he was satisfied with what Mr. Collins had done for him in pursuance of this bargain,—if that be the truth, then this defence has been made out. If that is not the truth, and if these other matters that we have spoken of are not proved to your satisfaction; if you do not believe 'the witnesses, or if the evidence is not clear, then the defendants' case is not made out. That is the point of the case, so far as the jury is concerned. Inquire and determine whether you are clearly satisfied that the parties themselves carried out this contract to their mutual satisfaction.

There are several points submitted here, which it is my duty to answer and which I will now answer.

The plaintiffs request the court to charge the jury:

1. The contract of 1861 between Bernard McLaughlin and John D. Collins was executory, and made upon condition that Collins should comply with the covenants to be kept by him during the lifetime of Bernard McLaughlin. Unless the jury is satisfied that he has substantially complied with his agreement, the verdict of the jury must be for plaintiffs, excluding Lawrence McLaughlin, to the extent of the undivided three fourths of the land in dispute, subject to the interest of Julia McLaughlin, widow of Bernard McLaughlin, under the intestate laws.

Answer: The first part of this point is affirmed, unless the jury are satisfied from the evidence that Bernard McLaughlin received a substantial compliance with the agreement on the part of John D. Collins, or excused him from such substantial compliance; or, unless he accepted other services or the services of other persons, in place of such substantial compliance with the terms of the agreement. The last part of the point is not affirmed. If the jury find for the plaintiffs, the verdict should be for all the plaintiffs, except Lawrence McLaughlin, for the undivided three eighths of the land described in the writ of ejectment, said three eighths not to include the mansion house on said premises or the buildings appurtenant thereto.[4]

2. The contract of 1861 was executory, and the legal title remained in Bernard McLaughlin during his lifetime, and at his death descended to the plaintiffs in this case. When it

Charge of Court below.

was made, defendant Collins was put into concurrent possession of the premises with Bernard McLaughlin, but abandoned it in 1882. Having retaken possession after Bernard McLaughlin's death, without the consent of plaintiffs, who then had the legal title, his present possession as to plaintiffs is clandestine, and he occupies the position of one seeking specific performance, out of possession, of a contract resting in parol, or partly resting in parol. Under these circumstances, he is not entitled to specific performance of the contract, but must be remitted to his action at law for damages. The verdict of the jury must therefore be for plaintiffs, omitting Lawrence McLaughlin, for the undivided three fourths of the land in dispute, subject to the rights of Julia McLaughlin, widow of Bernard McLaughlin, under the intestate laws.

Answer: This point is refused.[5]

3. The evidence on the part of defendants shows, if it is sufficient for any purpose, that when the contract of 1861 was abandoned in 1882, a new contract, complete in itself and founded upon a new consideration, was entered into by parol. This contract is void under the statute of frauds, and the contract of 1861 is invalid by reason of non-performance of conditions. The defendant Collins must therefore be remitted to his action at law for damages against Bernard McLaughlin's estate, and the verdict in this case must be for plaintiffs, excluding Lawrence McLaughlin, for the undivided three fourths of the land, subject to the rights of Julia McLaughlin, widow of Bernard McLaughlin, under the intestate laws.

Answer: This point is refused.[6]

4. The title set up by the defendant, Collins, in this action, is upon an executory contract in writing for the conveyance of the land in dispute, and this contract was not kept or performed by Collins. An attempt to excuse performance is set up by defendants, under the allegation that other services by Collins's minor son were substituted for the services stipulated for in the contract; that the services to be substituted were considered as of less value than those Collins had agreed to perform; that McLaughlin was to engage others to do the farming which Collins had been doing theretofore; that Collins was to do other work, earn money and improve the farm; that in consideration

of the reduced value of the services to be rendered, McLaughlin was to receive an increased portion of the profits of the land. This contract, if made at all, was a new contract; substituted for the old, and was in parol; it was binding upon Collins's son only until he became of age; it was not kept by Collins, for the improvements to be made by him were never made. Such a claim made against a dead man's estate and based largely upon loose declarations that the farm was intended for Collins, that it had been given to him, or other like loose declarations, require the closest scrutiny and are insufficient to establish the existence of a contract enforceable under the statute of frauds and perjuries. There being no evidence, then, of performance of the contract of 1861, from 1882 until after Bernard McLaughlin's death in 1887, the verdict must be for plaintiffs, excluding Lawrence McLaughlin, for the undivided three fourths of the land in dispute, subject to the interest of Julia McLaughlin, widow of Bernard McLaughlin, under the intestate laws.

Answer: This point is refused.[7]

—The jury returned a verdict for the defendants. Judgment having been entered, the plaintiffs took this appeal, assigning for error, inter alia:

4–7. The answers to the defendants' points.[4 to 7]

*Mr. W. D. Brandon* (with him *Mr. Lev. McQuistion, Mr. J. C. Vanderlin, Mr. W. H. H. Riddle,* and *Mr. T. C. Campbell*), for the appellants.

Counsel cited: Bear v. Whisler, 7 W. 144; Hamilton v. Elliott, 5 S. & R. 375; Westenberger v. Reist, 13 Pa. 594; Dreisbach v. Serfass, 126 Pa. 32; Kenrick v. Smick, 7 W. & S. 41; Sheaffer v. Sheaffer, 37 Pa. 525; Wylie v. Mansley, 132 Pa. 65; Elbert v. O'Neil, 102 Pa. 302; Turner v. Scott, 51 Pa. 130; Soper v. Guernsey, 71 Pa. 219; Walls' App., 111 Pa. 460.

*Mr. S. F. Bowser* and *Mr. John M. Thompson* (with them *Mr. Chas. McCandless* and *Mr. W. A. Forquer*), for the appellees.

Counsel cited: Perry v. Scott, 51 Pa. 119; Farwell v. Kohler, 1 Penny. 94; West. Penna. R. Co's App., 104 Pa. 399; McDowell's App., 123 Pa. 381.

Opinion of the Court.

PER CURIAM:

The contract, in this case, was executed by the deed and contract between Bernard McLaughlin and wife and the defendant, John D. Collins. As a consideration for the deed, Collins was to perform certain things, McLaughlin reserving the possession during his lifetime. What Collins was to do appears by the agreement bearing even date with the deed. It was as follows:

"And the said John D. Collins hereby further agrees that he will continue to live with and labor for the said Bernard McLaughlin for and during the time of his natural life, take care of him and Julia, his wife, in old age or sickness, and in all respects perform his duty towards them as a son; that after the death of the said Bernard McLaughlin he will pay or cause to be paid unto the said Julia McLaughlin the annual sum of fifty dollars, or pay to her the value thereof in grain at market price. . . . . and in sickness or old age to pay to her such further sum as may be necessary for her comfortable maintenance and support, or. . . . . to furnish the said Julia McLaughlin with a comfortable room in the dwelling-house of the said Bernard McLaughlin, together with comfortable wearing apparel, fuel, attendance, board at his own table, and in all respects furnish her with a comfortable and proper maintenance in health, sickness and old age, and at her death bury her in a decent and Christianlike manner, and set up a suitable tombstone at her grave."

Agreements of this kind are quite common and they frequently lead to litigation. This case is no exception to the rule. After the death of Bernard McLaughlin, and during the lifetime of his widow, the collateral heirs of the former brought this action of ejectment against Collins, to recover the possession of the premises conveyed by the deed before mentioned. They allege that Collins did not keep his covenants, and that therefore, the heirs of McLaughlin have a right of entry for condition broken. It may well be questioned whether their remedy, if any, is not by suit upon the covenants contained in the agreement. But we decide this case upon other grounds. Neither McLaughlin in his lifetime, nor his widow since his death, has made any complaint of the breach of any of the covenants to be performed by Collins. The widow is still liv-

Statement of Facts.

ing with and cared for by him, as stipulated in the agreement. She makes no complaint; on the contrary, she is entirely satisfied with her treatment, and with the manner in which Collins has kept and is keeping his covenants. Under such circumstances, it is difficult to see what standing the collateral heirs of Bernard McLaughlin have to meddle in this matter. It is not the case of the grant of an estate upon condition, with the condition unperformed. On the contrary, if we concede it to be an estate upon condition, the condition has been performed in a manner entirely satisfactory to the only parties interested therein.

Judgment affirmed.

138      204
e38SC  ²248
38SC  ²250

